

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

JSK/PL AGR
2023R00602

February 14, 2025

RECEIVED
APR 15 2025
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ
M

**Via Email**
Areeb Salim, Esq.
John Yauch, Esq.
Assistant Federal Public Defenders
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

    Re:    <u>Plea Agreement with Vincent Dispoto Jr.</u>    25-232 (ZNQ)

Dear Messrs. Salim and Yauch:

    This letter sets forth the plea agreement between your client, Vincent Dispoto Jr. ("Dispoto"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 24, 2025, if it is not accepted in writing by that date. If Dispoto does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, the Government will accept a guilty plea from Dispoto to a one-count Information charging him with wire fraud in violation of 18 U.S.C. § 1343. If Dispoto enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against Dispoto for the fraudulent scheme to defraud victims who invested their funds with Dispoto and/or Giddeon Financial Services, Inc., as described in the criminal complaint filed in *United States v. Vincent Dispoto*, 24-mj-11084 (AME).

    However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dispoto agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dispoto may be commenced against him,

notwithstanding the expiration of the limitations period after Dispoto signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 to which Dispoto agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dispoto is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Dispoto ultimately will receive.

Further, in addition to imposing any other penalty on Dispoto, the sentencing judge as part of the sentence:

(1) will order Dispoto to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dispoto to pay restitution pursuant to 18 U.S.C. §3663A;

(3) may order Dispoto, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c);

(5) pursuant to 18 U.S.C. § 3583, may require Dispoto to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed and may run consecutively. Should Dispoto be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dispoto may be sentenced to not more than two years for a violation of supervised release, in addition to any

prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. *See* 18 U.S.C. §§ 3583, 3559.

### Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Dispoto agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of that offense, as detailed in paragraph 15 of Schedule A. Dispoto further agrees that the total amount of restitution owed is at least $6,990,635.62.

### Forfeiture

As part of Dispoto's acceptance of responsibility, Dispoto agrees to forfeit to the United States all right, title, and interest in any property which constitutes or is derived from proceeds traceable to the wire fraud offense charged in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dispoto further acknowledges that the aggregate value of such property was $6,990,635.62; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $6,990,635.62 (the "Money Judgment"). Dispoto consents to the entry of an order requiring Dispoto to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Dispoto prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Dispoto further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102

Dispoto waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dispoto understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Dispoto waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Dispoto's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Dispoto further agrees that, not later than the date Dispoto enters a guilty plea, Dispoto will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Dispoto fails to do so, or if this Office determines that Dispoto has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Dispoto by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dispoto's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dispoto will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to

- 4 -

sentencing that it determines to be credible and to be materially in conflict with a Schedule A stipulation, including but not limited to the stipulations in paragraph 15 of Schedule A, this Office shall not be bound by any such stipulation. A determination that a Schedule A stipulation is not binding shall not release either this Office or Dispoto from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Dispoto waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Dispoto understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dispoto understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dispoto wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dispoto understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Dispoto waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Dispoto also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dispoto. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Dispoto from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

No Other Promises

This agreement constitutes the entire plea agreement between Dispoto and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: _____
Jennifer S. Kozar
Assistant U.S. Attorney

APPROVED:

_____
Lauren Repole
Chief, Economic Crimes Unit

I have received this letter from my attorney(s), Areeb Salim, Esq. and John Yauch, Esq. I have read it. My attorney(s) and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 2/27/2025
Vincent Dispoto Jr.

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 2/27/2025
Areeb Salim, Esq.
John Yauch, Esq.
Counsel for Defendant

## Schedule A

### Plea Agreement With Vincent Dispoto Jr.

1. This Office and Vincent Dispoto Jr. ("Dispoto") recognize that the United States Sentencing Guidelines ("U.S.S.G.") do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the U.S.S.G. effective November 1, 2023 applies in this case.

3. The applicable guideline for Count One of the Information is U.S.S.G. § § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

4. Because this offense, including applicable relevant conduct, involved loss totaling more than $3,500,000 but less than $9,500,000, the Specific Offense Characteristic results in an increase of 18 levels. U.S.S.G. § 2B1.1(b)(1)(J).

5. Because the offense involved ten or more victims, this Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

6. Because the offense involved one or more vulnerable victims, this Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 3A1.1(b)(1).

7. Because the offense involved the abuse of a position of public or private trust, this Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 3B1.3.

8. The offense level for Count One is therefore 31.

9. As of the date of this letter, Dispoto has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dispoto's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Dispoto has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dispoto's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dispoto enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Dispoto's acceptance of responsibility has continued through the date of sentencing and Dispoto therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and

(c) Dispoto's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. Accordingly, the parties agree that the total Guidelines offense level applicable to Dispoto is 28 (the "Total Offense Level").

12. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

13. If the term of imprisonment does not exceed 97 months, and except as specified in the next paragraph below, Dispoto will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 78 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

15. This Office and Dispoto agree to stipulate that the victims sustained losses in the amounts listed below as a result of the offense charged in the Information, as follows:

| Victim | Restitution Amount |
|---|---|
| Victim-1-G.K. | $25,000.00 |
| Victim-2-B.R. | $199,500.46 |
| Victim-3-C.S. | $68,143.78 |
| Victim-4-R.C.W. & M.W. | $177,078.88 |
| Victim-5-C.M. | $220,500.00 |
| Victim-6-C.B. | $59,237.90 |
| Victim-7-D.G. | $50,000.00 |
| Victim-8-D.H. | $110,457.56 |
| Victim-9-D.P. | $24,671.57 |
| Victim-10-D.F. | $1,825.00 |
| Victim-11-E.A. | $218,400.00 |
| Victim-12-G.K. & R.K. | $50,000.00 |
| Victim-13-G.B. | $171,043.65 |
| Victim-14-J.B. | $203,695.33 |
| Victim-15-J.K. | $25,000.00 |
| Victim-16-J.M. & J.M. | $17,000.00 |
| Victim-17-K.V. & J.V. | $84,492.00 |
| Vicitm-18-J.H. | $133,844.38 |
| Victim-19-J.G. & D.G. | $511,405.77 |
| Victim-20-J.P. & L.P. | $141,947.02 |
| Victim-21-M.K. & J.K. | $63,500.00 |
| Victim-22-K.V. | $15,000.00 |
| Victim-23-K.M. | $62,278.92 |
| Victim-24-L.H. | $120,500.00 |
| Victim-25-L.K. & J.K. | $273,000.00 |
| Victim-26-L.M. & M.K.M. | $18,950.00 |
| Victim-27-M.S. | $70,717.62 |
| Victim-28-M.B. & T.B. | $659,570.97 |
| Victim-29-M.G. | $1,252,541.62 |
| Victim-30-P.M. & M.K. | $467,912.38 |
| Victim-31-P.K. | $48,543.76 |
| Victim-32-P.G.K. & L.S.K. | $245,500.00 |
| Victim-33-R.B. | $12,599.50 |
| Victim-34-R.M. | $23,630.30 |
| Victim-35-R.C. & C.C. | $20,000.00 |
| Victim-36-R.B. & C.B. | $18,561.41 |
| Victim-37-S.B. & J.C.B. | $88,500.00 |
| Victim-38-S.C. & C.S. | $440,081.97 |
| Victim-39-W.B. & C.B. | $82,000.00 |
| Victim-40-W.B. | $122,186.76 |
| Victim-41-C.B. | $232,384.57 |

| | |
|---|---|
| Victim-42-C.W. | $3,000.00 |
| Victim-43-R.M. & J.M. | $31,813.39 |
| Victim-44-J.M. & M.M. | $27,500.00 |
| Victim-45-D.V. | $29,681.00 |
| Victim-46-J.G. | $34,888.15 |
| Victim-47-F.G. | $32,550.00 |
| **Total** | **$6,990,635.62** |